**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MIGUEL A. DIAZ SEIJO, | |
| Plaintiff, | |
| v. | CIV. NO. 00-2545(PG) |
| VICTOR FAJARDO, ET AL., | |
| Defendants. | |

**OPINION AND ORDER**

Before the Court are co-defendants' Second Motion for Attorney Fees (Docket No. 91) and Bill of Costs (Docket No. 92). For the following reasons, the Court DENIES co-defendants' requests as untimely.

**BACKGROUND**

On December 7, 2000, plaintiff Miguel Díaz Seijo filed suit under 42 U.S.C. § 1983 for political discrimination in violation of his First Amendment rights and unlawful dismissal in violation of his rights under the Due Process Clause. (Docket No. 1.) Plaintiff also submitted supplemental jurisdiction claims under Article 1802 of the Puerto Rico Civil Code and the Puerto Rico Labor Laws. (Id.)

On April 15, 2003, the Court dismissed Plaintiff's claims for violation of the Due Process Clause, the claims for political discrimination arising out of events taking place before Plaintiff's termination, and the claims against Defendants Victor Fajardo, Rosa Rodríguez, Awilda Rodríguez, Angel Meléndez, Olga Birriel, Iris Laguna, and Edison Sanabria in their personal capacities. (Docket No. 71.) The only claims left after that Order were the political discrimination and supplemental jurisdiction claims against Defendant Yolanda Rodríguez and the claims for injunctive relief.

In that Opinion and Order, the Court declined to dismiss Plaintiff's

Civ. No. 00-2545(PG)                                                    Page 2

claims on res judicata grounds[1]. (Id.)  The Court denied the dismissal request because defendants had not submitted any evidence showing that the Board of Appeals of the Department of Education had entered a judgment dismissing with prejudice plaintiff's equal administrative claims pursuant to the terms of the settlement agreement he had reached with the Department of Education. (See Docket No. 71.)

Following the Court's ruling, however, defendants submitted the required evidence together with a Motion for Reconsideration, renewing their request to dismiss the claims against Defendants Rodríguez et al. on res judicata grounds.  (Docket No. 75.)

On August 19, 2003 the Court granted the Motion for Reconsideration finding that the settlement agreement and the subsequent dismissal with prejudice served to give finality to the administrative proceedings that Plaintiff had initiated, thus, res judicata barred his attempt to relitigate the case before this Court. (Docket No. 80.)  Judgment was entered accordingly dismissing the case with prejudice. (Docket No. 81.)

On September 18, 2003, plaintiff filed a Notice of Appeal before the Court of Appeals for the First Circuit. (Docket No. 83.)  On February 9, 2005, the Court of Appeals issued a judgment affirming the District Courts' decision. The Mandate was issued on March 2, 2005. (Docket No. 87.)

**DISCUSSION**

Pursuant to Local Rule 54, in any case in which no notice of appeal

---

[1] Defendants moved to dismiss plaintiff's claims arguing that he had filed an appeal before the Board of Appeals of the Department of Education challenging his dismissal on due process and political discrimination grounds and requesting back pay and reinstatement. (See Docket No. 63).  They averred that plaintiff had reached a settlement agreement with the Department of Education under which the administrative proceedings were dismissed with prejudice and plaintiff received back pay and reinstatement. This settlement and dismissal with prejudice, defendants argued, precluded plaintiff's claims before this Court.

Civ. No. 00-2545(PG)                                                   Page 3

has been filed, an application for attorneys' fees must be filed within forty-five (45) days of entry of judgment. In all other cases, however, an application for fees shall be filed within thirty (30) days of the disposition of the appeal. Likewise, bills of costs shall be filed together with supporting memoranda within thirty (30) days of entry of judgment. Accordingly, the triggering dates for both the application for attorneys' fees and the Bill of Costs here were February 9, 2005 and August 19, 2003, respectively. Hence, the **application for fees had to be filed by March 11, 2005,** and the **Bill of Costs by September 18, 2003.** However, **co-defendants filed their Motion for Attorneys' Fees and their Bill of Costs on April 15, 2005 and April 26, 2005, respectively**. (Docket Nos. 90 & 91.) Clearly, both filings are untimely. Even assuming that the triggering date for both motions was not the date the Circuit Court issued the judgment but when the mandate was issued, both the application for attorneys' fees and the Bill of Costs are still untimely as they should have been filed by April 1, 2005, at the latest.

### CONCLUSION

Because we find that co-defendants failed to comply with the established deadlines pursuant to Local Rule 54, we deny their motions as untimely.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 26, 2005.

                                                S/JUAN M. PEREZ-GIMENEZ
                                                U. S. DISTRICT JUDGE